IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| TROPICAL NUT & FRUIT CO.,<br><br>         Plaintiff,<br><br>v.<br><br>FORWARD FOODS, LLC and<br>RECHARGE FOODS, LLC,<br><br>         Defendants. | Civil Action No. 13-cv-131<br><br>**VERIFIED COMPLAINT**<br><br>(Jury trial demanded) |

Plaintiff Tropical Nut & Fruit Co. ("Plaintiff"), a North Carolina corporation, states as its Complaint against Defendants Forward Foods, LLC and Recharge Foods, LLC (collectively the "Defendants") as follows:

## NATURE OF THE ACTION

1. This is an action at law and in equity for trademark infringement and unfair and deceptive trade practices. Defendants are advertising, promoting, and selling snack bars that bear Plaintiff's proprietary and federally registered trademark. Plaintiff has not authorized the advertising, promotion, or sale of Defendant's goods bearing the infringing mark. Defendants' infringing mark is likely to cause confusion and to deceive consumers regarding its source or sponsorship.

## PARTIES

2. Plaintiff is a North Carolina corporation with its principal place of business in Charlotte, North Carolina.

1

3. Upon information and belief, Defendant Forward Foods, LLC ("Forward Foods") is a Delaware limited liability company and is engaged in the manufacture, distribution, marketing, and sales of energy, nutrition, and snack bars. Forward Foods' products are sold on the internet and at numerous retail outlets throughout the United States. Upon information and belief, Forward Foods does substantial business in the State of North Carolina and in this judicial district.

4. Upon information and belief, Defendant Recharge Foods, LLC ("Recharge Foods") is a Delaware limited liability company with an office in Carson City, Nevada. Recharge Foods sells its products solely over the internet and, upon information and belief, does substantial business in the State of North Carolina and this judicial district, in that it advertises, offers for sale and sells products, including the infringing products complained of herein, in the State of North Carolina and this judicial district.

5. Upon information and belief Recharge Foods is owned by Forward Foods. See **Exhibit A** attached hereto and incorporated by reference.

6. Alternatively, and upon information and belief, Forward Foods is the managing member of Recharge Foods.

7. Alternatively, and upon information and belief, Recharge Foods is an alter ego of Recharge Foods.

8. Alternatively, and upon information and belief, Recharge Foods is a subsidiary company of Forward Foods.

## JURISDICTION AND VENUE

9. This is an action for trademark infringement, direct and contributory, under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, vicarious liability, and unfair and deceptive trade practices and unfair competition under N.C. Gen. Stat. §75-1.1.

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and the principles of supplemental jurisdiction.

11. This Court has personal jurisdiction over the Defendants because Defendants: a) engage in substantial business activity in the State of North Carolina; or b) use an interactive website to direct commercial activity into North Carolina involving the knowing and repeated transmission of computer files over the Internet with residents of North Carolina with the manifest intent to engage in business within the State resulting in the shipment of commercial goods into North Carolina for consumption within the State, resulting in injury to Plaintiff; or c) intentionally directing tortious conduct toward North Carolina knowing that such conduct will cause harm to a North Carolina resident.

12. Venue is proper in this District and this Court pursuant to 28 U.S.C. §§1391 (b) and (c).

## FACTUAL BACKGROUND
### Plaintiff's Trademarks

13. Plaintiff manufactures, sells, and distributes bulk and packaged snacks and specialty foods. Plaintiff began doing business in 1977 with about 100 products in its line. The product line has since grown to 3,000 products and gained wide popularity with consumers. Products include specially formulated high-quality snack mixes and bars, freshly roasted nuts and seeds, sesame sticks and packaged candies, spices, dried fruit, grains, and specialty foods. Plaintiff sells its products throughout the United States.

14. In 2010, Plaintiff formulated a line of natural snack mixes which use the mark "RECHARGE" (the "RECHARGE Mark"). This line targets health and nutrition conscious consumers and includes ingredients enhanced with probiotics, Omega-3, pomegranate seed oil, Chia seeds, antioxidants and Vitamin B6. Varieties include "Chia ReCharged Stix Mix", "Super Charged Cranberry Blend" and "Dark Chocolate Energy Boost."

15. On October 8, 2010, Plaintiff filed its intent-to-use application (the "Plaintiff's RECHARGE Application") to register the RECHARGE Mark with the U.S. Patent and Trademark Office ("USPTO").

16. Plaintiff received Registration No. 4,061,343 on November 22, 2011 for the RECHARGE Mark from the USPTO. See **Exhibit B** attached hereto and incorporated herein by reference. The USPTO did not require proof of secondary meaning from Plaintiff.

17. Since at least September 7, 2011, Plaintiff has used the RECHARGE Mark consistently and prominently in interstate commerce. Plaintiff has made a substantial investment in the promotion of the RECHARGE Mark and through extensive and continuous use, the RECHARGE Mark has come to be associated with Plaintiff and identifies Plaintiff as the source of the goods offered in connection with the RECHARGE Mark. The RECHARGE Mark is a valuable asset of Plaintiff and has significant goodwill associated with it.

18. In the fall of 2012, Plaintiff began selling a snack bar using the RECHARGE Mark. Varieties currently include "Diet Delight ReCharge Bars", "PB&J Mix ReCharge Bars", "Student Food ReCharge Bars", and "Sweet Heat ReCharge Bars".

19. Plaintiff uses the RECHARGE Mark on its bars and mixes that are available for sale to retail consumers online at "Tropicalsnuthouse.com," at Plaintiff's retail outlet store "The

4

Nut House" located in Charlotte, North Carolina, and at numerous retailers across the United States.

### Defendants' Wrongful Acts

20. On or about February 8, 2011, Defendant Recharge Foods filed an intent-to-use trademark application to register the mark "RECHARGE" for protein-based, nutrient-dense snack bars.

21. On May 10, 2011, the UPSTO suspended action on Recharge Foods' application for the mark "RECHARGE" pending the disposition of Plaintiff's RECHARGE Application and Application Serial No. 85202829 (since abandoned).

22. On December 20, 2011, Plaintiff, through counsel, sent a letter to counsel for Recharge Foods stating Plaintiff's opposition to registration of the application for "RECHARGE" and demanding that Recharge Foods cease and desist from use of the RECHARGE Mark.

23. On February 28, 2012, Recharge Foods filed an intent-to-use application for the mark "RECHARGE DYNAMIC NUTRITION." In its application, Recharge Foods disclaimed the right to use the word "NUTRITION" apart from the mark "RECHARGE DYNAMIC NUTRITION."

24. On May 8, 2012, Plaintiff, through counsel, wrote to counsel for Recharge Foods stating Plaintiff's opposition to registration of the application for "RECHARGE DYNAMIC NUTRITION" and demanding that Defendant cease and desist from use of the RECHARGE mark or any similar marks, including RECHARGE DYNAMIC NUTRITION.

25. On June 11, 2012, the USPTO refused registration of Recharge Foods' application for "RECHARGE DYNAMIC NUTRITION" because of a likelihood of confusion with the RECHARGE Mark.

26. On August 16, 2012, the USPTO suspended action on Recharge Foods' application for "RECHARGE DYNAMIC NUTRIITION."

27. Upon information and belief, sometime in August 2012, the Recharge Foods internet domain *www.rechargefoods.com* (the "Domain") through which Defendant Recharge Foods advertised and promoted its goods was "temporarily down for maintenance."

28. Upon information and belief, beginning in November 2012, Defendant Recharge Foods began utilizing the Domain to sell "RECHARGE Dynamic Nutrition Bars" online, directly to consumers throughout the United States, including the State of North Carolina (the "Infringing Goods"). Three varieties are currently offered for sale through the Domain: "Raspberry + Apple", "Chocolate + Caramel", and "Peanuts + Caramel". See **Exhibit C** attached hereto and incorporated herein by reference.

29. On December 10, 2012, the USPTO refused registration of Recharge Foods' application for "RECHARGE" because of a likelihood of confusion with Plaintiff's RECHARGE Mark.

30. Upon information and belief, Forward Foods manufacturers or distributes the goods sold by Recharge Foods using the RECHARGE DYNAMIC NUTRITION mark.

31. The Infringing Goods sold, manufactured of distributed by Defendants use the mark "RECHARGE DYNAMIC NUTRITION" with the word "RECHARGE" being the dominant feature of the mark (Defendants' RECHARGE Mark"). See **Exhibit D**, attached hereto and incorporated herein by reference.

6

32. Recharge Foods markets the Infringing Goods to consumers via the Domain, and via Facebook and other social media, offering product giveaways and coupon codes to individuals using Recharge Foods' Facebook site. Upon information and belief, Recharge Foods also markets the Infringing Goods via various tradeshows.

33. Recharge Foods uses the marks "Recharge Dynamic Nutrition," "Recharge," and "Recharge Bars" in the metadata and search terms for the Domain, to intentionally direct consumers from within North Carolina and throughout the country to its interactive website to purchase the Infringing Goods. See **Exhibit E** attached hereto and incorporated herein by reference.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement—15 U.S.C. §1114 (All Defendants)

34. The allegations of paragraphs 1 through 33 are realleged and incorporated by reference.

35. Without the authorization or consent of Plaintiff, Defendants have used or contributed to the use of the RECHARGE Mark to promote and sell the Infringing Goods in or affecting interstate commerce.

36. Defendants' unauthorized use or contribution to the use of the RECHARGE Mark, and other substantially similar marks, in interstate commerce and in conjunction with the sale of the Infringing Goods constitutes trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a).

37. Defendants' use or contribution to the use in commerce of the RECHARGE Mark, and other substantially similar marks, is likely to cause confusion, or to cause mistake or deceive consumers.

7

38. Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception, and profiting therefrom.

39. Accordingly, Plaintiff is entitled to recover all damages sustained by it, all of Defendants' profits as a result of the infringement, and all costs of the action, including attorneys' fees.

40. In addition, the acts of Defendants have caused irreparable harm to Plaintiff and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## SECOND CLAIM FOR RELIEF
### False Designation of Origin—15 U.S.C. §1125(a)(1)(A) (All Defendants)

41. The allegations of paragraphs 1 through 40 are realleged and incorporated by reference.

42. Defendants' conduct as alleged above constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that consumers are likely to believe that the Infringing Goods are provided by Plaintiff, or originate from Plaintiff, or are licensed, sponsored, or approved by Plaintiff, or that there is some affiliation or connection between Plaintiff and Defendants.

43. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff has suffered harm and damage, in that Plaintiff has lost, is likely to lose, and is continuing to lose sales and profits that Plaintiff otherwise would have earned, and its reputation with consumers and the trade has been impaired and damaged.

8

Case 3:13-cv-00131-FDW-DCK   Document 1   Filed 02/26/13   Page 8 of 15

44. The acts of Defendants have caused irreparable harm to Plaintiff and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Contributory Trademark Infringement (Defendant Forward Foods)

45. The allegations of paragraphs 1 through 44 are realleged and incorporated by reference.

46. Upon information and belief, Forward Foods, with full knowledge of Plaintiff's rights in the RECHARGE Mark and through its manufacture or distribution of the RECHARGE DYNAMIC NUTRITION bar, contributed to the infringement of Plaintiff's trademark rights, which infringement is likely to cause confusion among consumers.

47. Upon information and belief, Forward Foods has supplied and continues to supply Recharge Foods with the Infringing Goods when it knows or has reason to know that Recharge Foods is engaging in trademark infringement.

48. The use of the RECHARGE DYNAMIC NUTRITION mark on Forward Foods' manufactured or distributed goods is likely to deceive or cause confusion among consumers as to whether Plaintiff is the source of, or is sponsoring or affiliated with, the goods and services offered by Recharge Foods.

49. Through its provision to Recharge Foods of the Infringing Goods, Forward Foods provides aid and material contribution to Recharge Foods' violations of the Lanham Act.

50. Forward Foods is contributorily liable for the infringing conduct of Recharge Foods.

51. Upon information and belief, Forward Foods' contributory infringement is willful and reflects its intent to exploit the goodwill of the RECHARGE Mark.

52. Plaintiff has been damaged by Forward Foods' contributory infringement in an amount to be proven at trial.

53. Plaintiff has been irreparably harmed by Forward Foods' contributory infringement and absent injunctive relief will continue to be unless such conduct is enjoined..

54. Plaintiff has no adequate remedy at law for the foregoing wrongful conduct.

## FOURTH CLAIM FOR RELIEF
### Vicarious Trademark Infringement (Defendant Forward Foods)

55. The allegations of paragraphs 1 through 54 are realleged and incorporated by reference.

56. Upon information and belief, Forward Foods has the right and ability to control the use by Recharge Foods of the RECHARGE Mark or terms confusingly similar to the RECHARGE Mark with respect to the sale or marketing of products Forward Foods has manufactured or distributed.

57. The use by Recharge Foods of the RECHARGE Mark or terms confusingly similar thereto is likely to cause confusion among consumers and constitutes infringement of Plaintiff's rights in the RECHARGE Mark.

58. Upon information and belief, Forward Foods and Recharge Foods have joint ownership or control over the Infringing Goods.

59. Upon information and belief, Forward Foods receives a direct financial benefit from Recharge Foods' unauthorized use of the RECHARGE Mark or terms confusingly similar thereto.

60. Forward Foods is therefore vicariously liable for the infringing conduct of Recharge Foods as alleged above.

10

61. Forward Foods' vicarious infringement is willful and reflects Forward Foods' intent to exploit the goodwill of the RECHARGE Mark.

62. Plaintiff has been damaged by Forward Foods' vicarious infringement in an amount to be determined at trial.

63. Plaintiff has been irreparably harmed by Forward Foods' contributory infringement and absent injunctive relief will continue to be unless the conduct is enjoined.

64. Plaintiff has no adequate remedy at law for the foregoing wrongful conduct.

### FIFTH CLAIM FOR RELIEF
### Unfair and Deceptive Trade Practices—N.C. Gen. Stat §75-1.1 (All Defendants)

65. The allegations of paragraphs 1 through 64 are realleged and incorporated by reference.

66. Defendants' conduct as alleged above was and is in and affecting commerce in the State of North Carolina.

67. Defendants' conduct as alleged above, constitutes unfair and deceptive acts and practices and unfair methods of competition in violation of the provisions of N.C. Gen. Stat. §75-1.1 *et seq.*

68. Plaintiff has suffered actual injury and has been damaged by virtue of Defendants' unfair and deceptive acts.

69. Pursuant to N.C. Gen Stat. §75-1.1 *et seq.*, Plaintiff is entitled to treble damages and attorney's fees for Defendants' unfair and deceptive acts.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

11

A. That this Court issue a preliminary and permanent injunction prohibiting Defendants, their officers, directors, agents, principals, divisions, sales representatives, employees, resellers, subsidiaries, affiliates, successors and assigns, and all persons acting by, through, under, or in active concert or participation with or controlled, either directly or indirectly by Defendants from using, directly or contributing to the use of, the RECHARGE Mark or any substantially similar variations thereof, including specifically "RECHARGE DYNAMIC NUTRITION" in connection with the manufacturing, packaging, labeling, importation, exportation, advertising, promoting, marketing, selling, or distribution of snack bars or snack foods, or any other related goods in the United States, and from otherwise infringing the RECHARGE Mark;

B. That this Court enter a preliminary and permanent injunction requiring Defendants to remove all use of the RECHARGE Mark or any substantially similar variations thereof, including specifically "RECHARGE DYNAMIC NUTRITION," from their sales literature, advertisements, websites, social media sites, and any metadata, metatags, or other search terms thereof, and any other promotional material or medium;

C. That Defendants be ordered to deliver to Plaintiff for destruction any and all items bearing the RECHARGE Mark or any mark substantially similar thereto, including specifically "RECHARGE DYNAMIC NUTRITION;"

D. That Defendant Recharge Foods be ordered to remove from the Domain any content or products which utilize the RECHARGE Mark or other marks that are identical or substantially similar to the RECHARGE Mark, including specifically "RECHARGE DYNAMIC NUTRITION;"

E.  That Defendants be ordered to produce an accounting for all profits derived by Defendants from their unlawful acts;

F.  That Plaintiff have and recover from Defendants an award of such monetary remedies in an amount sufficient to compensate Plaintiff for losses it has sustained as a consequence of Defendants' unlawful acts, as well as Defendants' profits attributable to the infringements;

G.  That Plaintiff have and recover from Defendants its actual damages, including treble damages, costs and attorneys' fees for Defendants' acts of trademark mark infringement, pursuant to 15 U.S.C. §1051 *et seq.*, particularly including 15 U.S.C. § §1114 and 1125(a);

H.  That Plaintiff have and recover from Defendants its damages, including treble damages, costs and attorney's fees, sustained by reason of Defendants' unfair and deceptive acts and unfair methods of competition, pursuant to N.C. Gen. Stat. §75-1.1 *et seq;*

I.  That the Court deem this to be an exceptional case, and award to Plaintiff its reasonable attorney fees incurred in prosecuting its claims under the Lanham Act, pursuant to the provisions of Lanham Act, Section 35, 15 U.S.C. § 1117;

J.  That all costs of this action be assessed against Defendants; and

K.  All such other and further relief as this Court may deem just and proper.

Respectfully submitted this 26th day of February, 2013.

ALICE CARMICHAEL RICHEY, PLLC

/s/Alice C. Richey
Alice Carmichael Richey
N.C. State Bar No. 13677
2820 Selwyn Avenue
Suite 420
Charlotte, NC 28209
Telephone: 704-366-6331
Facsimile: 704-749-9995
Email: alice@acrichey.com

*Attorney for Plaintiff*

STATE OF NORTH CAROLINA

                                    **VERIFICATION**

COUNTY OF MECKLENBURG


_John R. Bauer_ being first duly sworn, deposes and says that's/ he is the _Pres/CEO_ of Tropical Fruit & Nut Company, the Plaintiff in the above-captioned action, and s/he has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof to be true except for those matters alleged upon information and belief, and as to those s/he believes them to be true.

_John R Bauer Pres/CEO_
2/25/13


SWORN TO (or AFFIRMED) and subscribed before me this day by _John R. Bauer_

Date: _02/25/2013_

_[signature]_

Notary Public

My Commission expires: _06/16/2013_