# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-131

**TROPICAL NUT & FRUIT CO.,**

    **Plaintiff,**

  **v.**

**FORWARD FOODS LLC and RECHARGE FOODS LLC,**

    **Defendants.**

## STIPULATED ORDER OF DISMISSAL AND
## ORDER VACATING PRELIMINARY INJUNCTION

Plaintiff Tropical Nut & Fruit Co. ("Tropical") and Defendants Forward Foods LLC and Recharge Foods LLC ("Defendants"), wishing to avoid the expense, uncertainty, inconvenience, and other burdens of litigating the above-entitled action, have entered into an agreement settling their dispute and hereby stipulate to the entry of this Stipulated Order of Dismissal and Order Vacating Preliminary Injunction, the former pursuant to Fed. R. Civ. P. 41(a)(2).

Tropical and Defendants stipulate as follows:

1.    The Court has jurisdiction over the parties and the subject matter at issue in this action.

2. Tropical filed a complaint against Defendants for trademark infringement. Defendants filed an answer contesting the allegations made by Tropical. Defendants filed certain counterclaims against Tropical. Tropical filed an answer contesting the counterclaims.

3. Tropical moved this Court for a preliminary injunction, which Defendants opposed. After full briefing, an evidentiary hearing was held on May 29, 2013. On June 10, 2013, this Court issued an Order granting Tropical's motion for preliminary injunctive relief, but only to a limited extent (the "Preliminary Injunction Order").

4. The Preliminary Injunction Order is hereby vacated and, in its place, the Court enters this Order which has been stipulated to by the parties.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Either or both Defendants may (but neither Defendant is required to) use and otherwise commercially exploit all or any packaging for or in connection with Recharge Foods' "RECHARGE DYNAMIC NUTRITION" bars that was in existence on the day the Preliminary Injunction Order was issued (including reorders for such packaging if necessary) until and including 11:59 P.M. Pacific time on June 10, 2014 (the "One Year Date"). Commencing on the date immediately following the One Year Date, and for so long as the Defendants commercially exploit products using "RECHARGE DYNAMIC" or "RECHARGE DYNAMIC NUTRITION," Defendants shall only use either or both phrases such that all words are used in the same font, the same size lettering, the same bold face or lack of bold face, and the same use of italics or lack of italics so that the word "Recharge" is not highlighted or emphasized in any manner; provided, however, that either or both Defendants may use "RECHARGE DYNAMIC" or "RECHARGE DYNAMIC NUTRITION" (or both) in stacked (vertical) or in linear (horizontal) form. For so long as Tropical uses "RECHARGE" as a trademark for bars or snack

mixes, or both, under no circumstances shall the Defendants or any one of them use the word "RECHARGE" (in any form or style) as a trademark or name of any product manufactured, sold, marketed, or distributed by Defendants or either of them.

2. With respect to electronic media, e.g., on either of Defendants' website(s), including Facebook site(s), for so long as one or both Defendants commercially exploit products using "RECHARGE DYNAMIC" or "RECHARGE DYNAMIC NUTRITION," such party shall only use either or both phrases such that all words are used in the same font, the same size lettering, the same bold face or lack of bold face, and the same use of italics or lack of italics so that the word "Recharge" is not highlighted or emphasized in any manner; provided, however, that either or both Defendants may use "RECHARGE DYNAMIC" or "RECHARGE DYNAMIC NUTRITION" (or both) in stacked (vertical) or in linear (horizontal) form. Notwithstanding anything to the contrary herein, one or both Defendants may hereafter display or post on social media sites either or both of the photographs displayed below.

3. Defendants, or either of them, may use either "RECHARGE DYNAMIC" or "RECHARGE DYNAMIC NUTRITION" (or both) so long as Paragraphs 1 and 2 of the ordering clause above are complied with; provided, however, that nothing in this Order will restrict one or both Defendants from using any trademark or service mark that does not include the word "RECHARGE." Nothing in this Order will restrict one or both Defendants from changing the packaging or labeling of (or associated with) all or any products so long as Paragraphs 1 and 2 of the ordering clause above are complied with.

4. Defendants shall cause a one-time monetary payment of thirty-five thousand dollars ($35,000.00) to be paid to Tropical within five (5) business days of the date of this Order. Tropical shall not be entitled to any royalty or any other payment except as provided herein.

5. Within five (5) business days of the date of this Order, Tropical shall voluntarily dismiss TTAB Opposition No. 91210228 with prejudice by filing a Notice of Withdrawal with Prejudice with the Trademark Trial and Appeal Board and shall provide evidence of same to Defendants' counsel.

6. For so long as Tropical uses "RECHARGE" for bars or snack mixes, neither of Defendants shall use nor seek to register "RECHARGE" by itself for bars or for snack mixes.

Tropical shall not oppose, seek to cancel, or otherwise hereafter object to Forward Foods' or Recharge Foods' use, application, or registration of "RECHARGE DYNAMIC" or "RECHARGE DYNAMIC NUTRITION" anywhere in the world (whether in standard character form or stylized form or with a design), including Recharge Foods' U.S. Trademark Application Ser. No. 85554814, anywhere in the world. Neither of Defendants shall oppose, seek to cancel, or otherwise hereafter object to Tropical's use, application, or registration of the mark "RECHARGE" anywhere in the world (whether in standard character form or stylized form or with a design), for use with bars or snack mixes. Respecting future prosecution of Tropical's "RECHARGE" trademark in any jurisdiction, to the extent it is legally permissible, Tropical shall endeavor to prosecute future applications in either Class 29 (or its equivalent) or Class 30 (or its equivalent); provided, however, that Tropical will not be bound to restrict future applications only to Class 29 or Class 30 (or their equivalents) where, in foreign counsel's or counsels' opinion(s), such restriction(s) are not legally feasible. Respecting future prosecution of Forward Foods' or Recharge Foods' "RECHARGE DYNAMIC" or "RECHARGE DYNAMIC NUTRITION" trademarks in any jurisdiction, to the extent it is legally permissible, Forward Foods or Recharge Foods, as the case may be, shall endeavor to prosecute future applications in Class 5 (or its equivalent); provided, however, that Forward Foods or Recharge Foods will not be bound to restrict future applications to Class 5 where, in foreign counsel's or counsels' opinion(s), such restriction(s) are not legally feasible. Should the need arise, for so long as one or both Defendants commercially exploit products using "RECHARGE DYNAMIC" or "RECHARGE DYNAMIC NUTRITION," the parties shall cooperate to take steps necessary to prevent the possibility of consumer confusion in the future. The parties agree to execute such other agreements and documents, including, without limitation, letters of consent, as may be necessary to achieve registration of the parties' respective marks in any

country or jurisdiction, provided that such attempt to register is consistent with the provisions of this Agreement. For so long as one or both Defendants commercially exploit products using "RECHARGE DYNAMIC" or "RECHARGE DYNAMIC NUTRITION," each party shall provide any other party with a letter of consent if the trademark office in a particular country, including, without limitation, the United States, cites the trademark of another party in this action against registration. The party requesting consent shall pay the attorneys' fees for the party giving consent.

7. The terms of this Order apply to, and shall bind, the parties and their respective subsidiaries, parent corporations, predecessors, successors, officers, directors, employees, shareholders, affiliates, and agents.

8. Nothing in this Order precludes Tropical or Defendants from asserting any claims or rights that arise solely after entry of this Order or that are based upon any breach of, or the inaccuracy of, any representation or warranty made by Tropical or Defendants in the settlement agreement reached by the parties.

9. This Order of Dismissal is final and may not be appealed by any party.

10. Tropical's claims against Defendants, and Defendants' counterclaims against Tropical, are hereby dismissed with prejudice and without costs to any party, except the Court shall retain jurisdiction to enforce this Stipulated Order of Dismissal and the settlement agreement entered into by the parties.

STIPULATED TO this 12th day of September, 2013:

              Respectfully submitted,

              /s/ Mark P. Henriques
              Mark P. Henriques
              N.C. State Bar No. 18701
              **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
              3500 One Wells Fargo Center
              301 South College Street
              Charlotte, NC 28202-6025
              Telephone: (704) 331-4912
              Facsimile: (704) 338-7830
              E-mail: mhenriques@wcsr.com

              -and-

              /s/ Mark E. Avsec
              Mark E. Avsec (admitted *pro hac vice*)
              Susan Clady (admitted *pro hac vice*)
              Julie Fenstermaker (admitted *pro hac vice*)
              **Benesch, Friedlander, Coplan & Aronoff LLP**
              200 Public Square, Suite 2300
              Cleveland, OH 44114
              Telephone: (216) 363-4500
              Facsimile: (216) 363-4588
              E-mail: mavsec@beneschlaw.com
              E-mail: sclady@beneschlaw.com
              E-mail: jfenstermaker@beneschlaw.com

              Attorneys for Defendants
              **FORWARD FOODS LLC**
              and **RECHARGE FOODS LLC**

              -and-

    /s/ Alice Carmichael Richey
    Alice Carmichael Richey
    N.C. State Bar No.13677
    **Alice Carmichael Richey PLLC**
    2820 Selwyn Avenue, Suite 420
    Charlotte, NC 28209
    Telephone: (704) 366-6331
    Facsimile: (704) 749-9995
    E-mail: alice@acrichey.com

    Attorney for Plaintiff
    **TROPICAL NUT & FRUIT CO.**

**IT IS SO ORDERED.**

Signed: September 13, 2013

Frank D. Whitney
Chief United States District Judge